SORONDO, J.
(dissenting).
*1222 I respectfully dissent. Having reviewed the trial transcript, the briefs filed by both sides in the original appeal, and the briefs filed in the present case, I would reverse the decision of the trial judge denying the defendant’s motion to dismiss and remand with directions to grant the motion. In State v. Williams, 623 So.2d 462 (Fla.1993), the Florida Supreme Court, within the framework of an entrapment case, explained the concept of due process of law as follows:
Due process of law is a summarized constitutional guarantee of respect for personal rights which are “so rooted in the traditions and conscience of our people as to be ranked as fundamental.” Snyder v. Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674 (1934). Due process of law imposes upon a court the responsibility to conduct “an exercise of judgment upon the whole course of the proceedings in order to ascertain whether they offend those canons of decency and fairness which express the notions of justice.” Malinsky[Malinski] v. New York, 324 U.S. 401, 416-17, 65 S.Ct. 781, 788-89, 89 L.Ed. 1029 (1945). Defining the limits of due process is difficult because “ ‘due process,’ unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances.” Joint Anti-Facist[Fascist] Refugee Comm. v. McGrath, 341 U.S. 123, 162, 71 S.Ct. 624, 643, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring). Rather, due process is a general principle of law that prohibits the government from obtaining convictions “brought about by methods that offend ‘a sense of justice.’ ” Rochin v. California, 342 U.S. 165, 173, 72 S.Ct. 205, 210, 96 L.Ed. 183 (1952).
Id. at 465; see also Munoz v. State, 629 So.2d 90, 98 (Fla.1993). I believe that this prosecutor’s outrageous behavior in this case, just one of many similar transgressions, even if it does not represent the institutionalized policy of the State Attorney’s Office, violated the defendant’s right to due process of law. “[T]he only appropriate remedy to deter this outrageous law enforcement conduct is to bar the defendant’s prosecution.” Williams, 623 So.2d at 467.